UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIANNA FRIEDERICH,

    Plaintiff,

    v.

WACHTER, INC.,

    Defendant.

Case No. 24-2462-TC-ADM

## MEMORANDUM AND ORDER

On March 18, 2025, the court ordered pro se plaintiff Brianna Friederich ("Friederich") to fully respond to all of defendant Wachter, Inc.'s ("Wachter") outstanding discovery requests by April 1, 2025. (ECF 20, at 1.) Friederich did not comply with the court's order compelling her to respond to Wachter's discovery requests. Wachter then filed a motion for sanctions on April 15 asking the court to dismiss this case for Friederich's noncompliance. (ECF 22.) Friederich did not file a response to Wachter's motion for sanctions. (ECF 23.) On May 8, Wachter filed a motion to amend the scheduling order, asking the court to hold all unexpired deadlines in abeyance pending the court's ruling on Wachter's motion for sanctions. (ECF 24.) Friederich also did not file a response to Wachter's motion to amend the scheduling order. (ECF 25.)

For the reasons explained below, the court denies in part and grants in part Wachter's motion for sanctions and grants Wachter's motion to amend the scheduling order. The court is persuaded that Friederich's failure to comply with her discovery obligations has prejudiced Wachter and interfered with the judicial process by unilaterally halting this case. However, the court is not convinced—at least not yet—that the prejudice to Wachter cannot be mitigated or that any lesser sanction would not be effective to prod Friederich into compliance with her discovery

obligations. At the same time, the court understands Wachter's concern that Friederich's noncompliance with her discovery obligations "has prevented Wachter from obtaining information from Plaintiff and from other third parties in an efficient and timely manner" and the schedule therefore must be adjusted. (ECF 24, at 2.) The court therefore vacates all remaining deadlines and settings. Once Friederich has fully responded to Wachter's discovery requests or failed to timely serve responses in compliance with this court order, Wachter is directed to file a motion with its proposed next steps to move this case forward, including its proposed schedule to re-set case-management deadlines and settings.

## I.     BACKGROUND

Friederich filed this action against defendant Wachter alleging discrimination under the Americans with Disabilities Act for failing to accommodate her disability (anxiety/complex PTSD) by allowing her to work from home, retaliated against her for requesting the accommodation, and terminated her employment. (ECF 1, 1-1.) Wachter answered the complaint, and the court held a scheduling conference on January 2, 2025, which Friederich attended. (ECF 6, 9-10.)

Since the scheduling conference, however, Friederich has participated in the litigation only minimally. For example, on January 16, Wachter filed a motion for protective order that stated Wachter's counsel had attempted multiple times to confer in good faith with Friederich about the protective order, including repeatedly providing her with a draft of the proposed protective order and requesting her comments and changes, but she never responded. (ECF 13.) In March, Wachter requested, and the court convened, a discovery conference to discuss Friederich's deficient responses to Wachter's Second Request for Admissions and Friederich's failure to respond at all to Wachter's First Set of Interrogatories and First Requests for Production. The conference was

properly noticed on the court's docket in advance, and yet Friederich did not appear. (*See* ECF 17-20.) During the conference, the court found that Wachter had satisfied the requirements of D. Kan. Rules 37.1 and 37.2 by making a reasonable effort to meet and confer with Friederich concerning the matter in dispute and by requesting a pre-motion discovery conference with the court. During the conference, Wachter moved the court to compel Friederich to fully respond to Wachter's discovery requests, which the court granted. The court ordered Friederich to fully respond to all of Wachter's outstanding discovery requests by no later than April 1, 2025. (ECF 20.) The court also cautioned Friederich that, "even as a pro se litigant, she is required to engage in the discovery process in compliance with the Federal Rules of Civil Procedure and this court's local rules" and specifically warned her that "failure to do so may result in sanctions." (*Id.*)

According to Wachter's motion for sanctions, Friederich did serve responses to Wachter's First Interrogatories and First Requests for Production on March 31, but her responses consisted of objections only and provided no substantive information or documents. (ECF 22, at 3; Exs. D, E.) The following day, Wachter sent Friederich a golden rule letter to arrange a time to discuss the insufficiencies and, even though Friederich responded that she would be available for a virtual meeting on April 2 at 4:00 p.m., she did not join the meeting or answer counsel's calls trying to contact her about her absence at the meeting. (ECF 22, at 3; Exs. F, G.) Ultimately, the parties met and conferred on April 4, and Friederich agreed to withdraw her objections and fully respond to Wachter's outstanding discovery requests by April 11, an agreement that Wachter's counsel memorialized in an email to Friederich that day. (ECF 22, at 3-4; Ex. H.) However, on April 10, Friederich emailed Wachter's counsel to alert him that "[e]veryone tested positive for COVID on Sunday," which would delay her ability to provide responses to the discovery requests on April 11. She stated that she "understood the need to reach out to the court on this" but also expressed

hesitation about producing her medical records—stating "I want to ensure that I am legally obligated to provide all medical records from mental health professionals that outline the most sensitive moments of my life, before doing so." (ECF 22-8, at 2.) Wachter then filed the current motion for sanctions on April 15, asking the court to "impose the sanction of dismissal of Plaintiff's claims." (ECF 22, at 1.) On May 8, Wachter filed a motion seeking a modification to the scheduling order in the event that the court does not order dismissal as a sanction. (ECF 24.) Friederich never filed a response to either motion. (ECF 23, 25.) Under the current schedule, discovery closes on June 27. (ECF 10, at 2.)

## II.     WACHTER'S MOTION FOR SANCTIONS

Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Dismissal under this rule generally operates as an adjudication on the merits. FED. R. CIV. P. 41(b). Likewise, other rules provide for dismissal as a sanction when a party refuses to participate in discovery, such as by failing to attend the party's own deposition or disobeying a court order to provide discovery. *See, e.g.*, FED. R. CIV. P. 37(d)(1)(A)(i) (providing for sanctions when a party fails to attend his own deposition); FED. R. CIV. P. 37(b)(2)(A)(v) (providing for dismissal as a sanction when a party fails to obey an order to provide or permit discovery, among other things); *see also* FED. R. CIV. P. 16(f)(1)(C) (providing for sanctions for failing to obey a scheduling order, including dismissal under Rule 37(b)(2)(A)(v)). "A district court undoubtedly has discretion to sanction a party for failing to

prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).

Dismissal is appropriate in cases of willful misconduct. *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992). But before imposing dismissal as a sanction, the court must consider the non-exhaustive *Ehrenhaus* factors. *Id.* They include: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 920-21. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.*

### A.     Degree of Actual Prejudice to Wachter

The court turns first to the degree of actual prejudice to Wachter. Wachter contends that Friederich's "failure to participate in this litigation has prejudiced Wachter resulting in increased cost and unnecessary delay in litigating this matter." (ECF 22, at 1.) It is clear from the record that Wachter has spent time and resources trying to get Friederich to participate in discovery— mostly, by trying to obtain responses to the discovery requests that Wachter served in January. When Friederich did not timely serve responses, Wachter sent a golden rule letter and attempted to follow up with Friederich by email and phone calls, but received no response. (ECF 22, at 2.) Wachter requested a discovery conference with the court, during which Wachter made an oral motion to compel, resulting in the court ordering Friederich to fully respond to the discovery requests by April 1. (ECF 20.) Friederich did respond, but she only asserted objections instead of

5

providing substantive responses. (ECF 22, at 3.) And, although Friederich agreed to withdraw her objections and fully respond to the requests by April 11, she still has not provided those responses. (ECF 22, at 3-4.) So, the court agrees that Wachter has been prejudiced insofar as Friederich's failure to respond to discovery requests or produce documents has unquestionably stalled this case. However, this delay, "by itself, would not be sufficient to warrant dismissal absent other justifying circumstances." *Ehrenhaus,* 965 F.2d at 921 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988) ("isolated instances of noncompliance," without more, are generally insufficient to warrant dismissal)). Here, the prejudice to Wachter could be ameliorated if Friederich were to provide the requested discovery and the court were to extend the case schedule. Moreover, the prejudice has been mitigated by the minimal advocacy required of the parties thus far. The parties have generally communicated with each other and the court by email or phone, and the court has held one scheduling conference by phone and one discovery conference by phone. Therefore, the court finds that this factor does not favor dismissal as a sanction.

### B.     Interference with the Judicial Process

Friederich's failure to produce discovery has interfered with the judicial process. Friederich's failure to meaningfully respond to Wachter's discovery requests has caused the court to spend unnecessary time and resources conducting a discovery conference and ruling Wachter's oral motion to compel and now this motion for sanctions because of Friederich's noncompliance. Her failures have also undermined the orderly and efficient progress of this case. The scheduling order provided the parties with a six-month discovery period that ends on June 27. (ECF 10, at 2.) Now only one month remains of that discovery period, and Friederich still has not fully responded to the written discovery. This has disrupted the case schedule because, given the current state of

affairs, the current June 27 discovery deadline is unworkable. In short, Friederich's actions (or inaction) have derailed the case schedule and undermined the "just, speedy, and inexpensive determination of [this] action." FED. R. CIV. P. 1. Therefore, the court finds this factor weighs in favor of dismissal.

### C.    Friederich's Culpability

Friederich has not complied with her discovery obligations. And, because she did not participate in the March 18 discovery conference with the court or respond to Wachter's motion for sanctions, the court does not know whether circumstances beyond her control have prevented her from appearing at the conference as required or complying with court orders and procedural rules. The court gleans from Friederich's April 10 email to counsel that some of her hesitancy to provide discovery responses may come from her uncertainty regarding her legal obligations to turn over certain information, such as her medical records. (ECF 22-8, at 2 ("I want to ensure that I am legally obligated to provide all medical records from mental health professionals that outline the most sensitive moments of my life, before doing so.").) The court assures Friederich that she is obligated to produce all relevant records, including medical records. But she may produce any confidential documents, such as her medical records, pursuant to the protective order by placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the documents to ensure they are treated as Confidential Information under the protective order. (*See* ECF 15, at 3.) Therefore, even though Friederich has not complied with her discovery obligations, the court finds the culpability factor does not necessarily weigh in favor of dismissal as a sanction.

### D.    Previous Warning

Turning to the fourth factor, the court's March 18 order warned Friederich that failure to fully respond to Wachter's outstanding discovery requests by April 1 or "engage in the discovery

7

process" in compliance with the Federal Rules and this court's local rules "may result in sanctions." (ECF 20, at 1.) Friederich did technically engage in the discovery process thereafter by serving responses by the court-ordered deadline, but they were not the "full" responses the court ordered. Still, the court acknowledges that its March 18 order did not put Friederich on notice that she was facing the sanction of *dismissal* for her failure to fully respond and her nonparticipation in the case. Therefore, the court finds this factor does not weigh in favor of dismissal.

### E.     Efficacy of Lesser Sanctions

Finally, the court considers the fifth factor, which is the efficacy of lesser sanctions. Dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective. *Ehrenhaus*, 965 F.2d at 922. Here, the court has not previously sanctioned Friederich, and although the court warned her that she may be subject to sanctions, the court did not warn her that the sanction could be dismissal. (ECF 20, at 1.) The court is not persuaded that a lesser sanction than dismissal would not be effective. Therefore, the court finds this factor does not weigh in favor of dismissal.

### F.     Conclusion: Dismissal Is Not Appropriate

Overall, the *Ehrenhaus* factors do not weigh in favor of dismissal. The court strongly favors resolving cases on their merits. Therefore, dismissal is not an appropriate sanction—at least not yet.

### G.     Wachter's Alternative Requests for Sanctions

Wachter alternatively requests that the court enforce its March 18 order and require Friederich to fully respond to the outstanding discovery without objections. Wachter further requests that the court sanction Friederich by requiring her to pay "all of Wachter's attorney's fees associated with her dilatory conduct" pursuant to Rule 37. *See* FED. R. CIV. P. 37(d)(1)(3). (ECF

8

22, at 6.) For the reasons discussed above, the court is not persuaded that payment of attorneys' fees is the most appropriate sanction for Friederich's conduct at this juncture because the court believes an even lesser sanction may be effective. The court imposes the lesser sanction of ordering Friederich to fully respond to all of Wachter's outstanding discovery requests, ***without objections***, by no later than **June 6, 2025**. The court also warns Friederich that failure to comply with this order *will* result in more severe sanctions the next time, such as ordering Friederich to pay Wachter its attorneys' fees incurred in connection with any subsequent motion practice and perhaps even dismissal of Friederich's case.

### H.     Conclusion

Although the court is not ordering dismissal or the payment of attorneys' fees at this time, the court does order Friederich to fully respond to all of Wachter's outstanding discovery requests, without objections, by no later than June 6, 2025. Failure to do so will result in more severe sanctions.

## III.    WACHTER'S MOTION TO AMEND SCHEDULING ORDER

Wachter moves to amend the scheduling order because Friederich still has not fully responded to Wachter's discovery requests and her "unwillingness to cooperate in the discovery process has prevented Wachter from obtaining information from Plaintiff and from other third parties in an efficient and timely manner." (ECF 24, at 2.) The court agrees that the schedule must be adjusted given that the last few months of discovery have been wasted by Friederich's failure to comply with her discovery obligations, and discovery closes in just over a month. Moreover, Friederich's discovery responses and document production (including any medical records or medical authorizations) may require Wachter to seek further discovery from third parties, which may cause even more delay. Accordingly, the court vacates all remaining deadlines and settings.

Once Friederich has fully responded to Wachter's discovery requests or failed to timely serve responses in compliance with this court order, Wachter is directed to file a motion with its proposed next steps to move this case forward, including its proposed schedule to re-set case-management deadlines and settings.

**IT IS THEREFORE ORDEREED** that Wachter's Motion for Sanctions (ECF 22) is granted in part and denied in part. Friederich must fully respond to all of Wachter's outstanding discovery requests, without objections, by no later than **June 6, 2025**.

**IT IS FURTHER ORDERED** that Wachter's Motion to Amend the Scheduling Order (ECF 24) is granted to the extent that the court vacates all remaining deadlines and settings, to be re-set once Wachter complies (or fails to comply) with the above order.

**IT IS FURTHER ORDERED** that the clerk's office send a copy of this order to Friederich by regular and certified mail.

**IT IS SO ORDERED.**

Dated May 23, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge