# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIANNA FRIEDERICH,

      Plaintiff,

      v.                                                                                Case No. 24-2462-TC-ADM

WACHTER, INC.,

      Defendant.

## MEMORANDUM AND ORDER &
## REPORT AND RECOMMENDATION

Pro se plaintiff Brianna Friederich ("Friederich") filed this action against defendant Wachter, Inc. ("Wachter") alleging discrimination under the Americans with Disabilities Act for failing to accommodate her disability (anxiety/complex PTSD) by allowing her to work from home, retaliated against her for requesting the accommodation, and terminated her employment. (ECF 1, 1-1.)  Wachter answered the complaint, and the court held a scheduling conference on January 2, 2025, which Friederich attended.  (ECF 6, 9-10.)  From that point on, Friederich has participated in the case only minimally.  She did not appear at the March 18 discovery conference convened to discuss her deficient responses to Wachter's Second Request for Admissions and failure to respond to Wachter's First Set of Interrogatories and First Requests for Production.  Nor did she comply with the court's order granting Wachter's motion to compel, which ordered her "to fully respond to all of Wachter's outstanding discovery requests by no later than April 1, 2025," even though the court warned her that failure to engage in the

discovery process "may result in sanctions." (ECF 20.)[1] She also did not comply with the court's recent order on Wachter's first motion for sanctions, which compelled her to "fully respond to all of Wachter's outstanding discovery requests, *without objections*, by no later than **June 6, 2025**." (ECF 26, at 9.) In short, Friederich has shown no interest in prosecuting this case for months.

This matter is now before the court on Wachter's Second Motion for Sanctions. (ECF 27.) Wachter asks the court to dismiss the case and to award "all fees incurred by Wachter in preparing and arguing this Motion as well as its earlier Motion for Sanctions [ECF 22] including all fees related to the meet and confer process in an attempt to obtain discovery responses." (ECF 27, at 7.) Friederich did not respond to this motion, either. (ECF 30.) For the reasons explained below, the court recommends that the district judge grant Wachter's motion and dismiss this case with prejudice—a dispositive sanction—and therefore the court issues a report and recommendation as to Wachter's motion. *See* FED. R. CIV. P. 72(b).

As to the aspect of Wachter's motion seeking monetary sanctions, the court denies Wachter's request for attorneys' fees incurred in bringing the two motions for sanctions. Wachter would have had to incur attorneys' fees defending the case regardless, and Wachter is now benefitting from early dismissal of the case. Therefore, the court finds that dismissal is a sufficient sanction to ameliorate the prejudice to Wachter. However, should the district judge not adopt the undersigned's report and recommendation to dismiss the case, the court will be willing to reevaluate the possibility of assessing fees for Friederich's noncompliance with the court's orders compelling her to respond to Wachter's outstanding discovery.

---

[1] Friederich did not fully respond, as ordered, because her responses to Wachter's First Interrogatories and First Requests for Production consisted of objections only and provided no substantive information or documents. (ECF 22, at 3.)

## I.        REPORT AND RECOMMENDATION:  DISMISSAL WITH PREJUDICE

The court turns first to Wachter's motion insofar as it asks the court to dismiss Friederich's case with prejudice.  Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]"  *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").  Dismissal under this rule generally operates as an adjudication on the merits.  *See* FED. R. CIV. P. 41(b).  Likewise, other rules provide for dismissal as a sanction when a party disobeys a court order to provide discovery.  *See* FED. R. CIV. P. 37(b)(2)(A)(v) (providing for dismissal as a sanction when a party fails to obey an order to provide or permit discovery, among other things); FED. R. CIV. P. 16(f)(1)(C) (providing for sanctions for failing to obey a scheduling order, including dismissal under Rule 37(b)(2)(A)(v)).  "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).

Dismissal is appropriate in cases of willful misconduct.  *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992).  Before imposing dismissal as a sanction, the court must consider the non-exhaustive *Ehrenhaus* factors.  *Id.*  They include: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Id.* at 920-21.  "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  *Id.* at 921.  Dismissal with prejudice is

warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.*

The court previously analyzed the *Ehrenhaus* factors in its order denying Wachter's motion for sanctions to the extent it sought dismissal and attorneys' fees. (ECF 26.) In that order, the court determined that most of the factors did not weigh in favor of dismissal, and therefore only ordered Friederich to "fully respond to all of Wachter's outstanding discovery requests, without objections, by no later than June 6, 2025." (*Id*. at 9.) The court warned Friederich, however, that "[f]ailure to do so will result in more severe sanctions." (*Id*.) The court now finds the *Ehrenhaus* factors weigh in favor of dismissing Friederich's case with prejudice.

### A.     Degree of Actual Prejudice to Wachter

Although the court did not find that the degree of actual prejudice to Wachter was significant enough to favor dismissal when ruling on Wachter's first motion for sanctions, the court now finds the prejudice to Wachter weighs in favor of dismissal. As outlined in the court's prior order on sanctions, it is clear from the record that Wachter has spent considerable time and resources trying to coax Friederich into participating in this case. It is also clear from the record that Friederich has abandoned her pursuit of this case, having neglected her litigation responsibilities for the last several months and having not complied with two separate court orders requiring her to respond to Wachter's outstanding discovery requests. (ECF 20, 26.) Friederich's failure to provide meaningful discovery responses has prevented Wachter from exploring basic facts about Friederich's claims and formulating appropriate defenses. And, because Friederich has disobeyed the court's orders to provide the discovery sought by Wachter, Wachter still has none of the information it sought in discovery and has incurred substantial fees

and costs litigating this case in which Friederich has chosen not to participate. Consequently, the court finds that Wachter has been seriously prejudiced by Friederich's refusal to participate, such that this factor now weighs in favor of dismissal. *See Yomi v. Becerra*, No. 21-2224-DDC-ADM, 2022 WL 17959327, at *3 (D. Kan. Dec. 27, 2022), *aff'd*, No. 23-3003, 2024 WL 1109060 (10th Cir. Mar. 14, 2024) (prejudice to defendant favored dismissal under *Ehrenhaus* analysis where plaintiff failed to participate in discovery).

### B.    Interference with the Judicial Process

Friederich's lack of participation in her case has also significantly interfered with the judicial process. For one, discovery was at a standstill for months because of Friederich's lack of participation. Given Friederich's inaction, the court had little choice but to vacate all remaining deadlines and settings. Meanwhile, the court has expended time and resources taking up Wachter's motions to address Friedreich's nonparticipation in a case that she appears to not be interested in pursuing. Friederich's actions have undermined the orderly and efficient resolution of this case.

### C.    Friederich's Culpability

Friederich is culpable for her willful misconduct. She has repeatedly chosen to ignore court orders and the Federal Rules of Civil Procedure. Given her flagrant disregard for participating in this litigation, the court has no reason to believe that circumstances beyond her control have prevented her from appearing as required or complying with court orders and procedural rules. Rather, it appears that Friederich is no longer interested in pursuing her claims but has not extended Wachter the courtesy of taking steps to dismiss this case. This does nothing to further the "just, speedy, and inexpensive" determination of this action. *See* Fed. R. Civ. P. 1.

### D.    Previous Warning

The court's May 23 order warned Friederich that she could face severe sanctions, including dismissal of her case, if she did not comply with the court's directive that she fully respond to Wachter's discovery requests.  (ECF 26, at 9 ("The court also warns Friederich that failure to comply with this order will result in more severe sanctions the next time, such as ordering Friederich to pay Wachter its attorneys' fees incurred in connection with any subsequent motion practice and perhaps even dismissal of Friederich's case.").)  Despite the warning, Friederich did not comply with the court's order compelling discovery or take any other action in her case.  Moreover, Wachter's first and second motions for sanctions put Friederich on notice that she was facing dismissal of her case for her nonparticipation. (ECF 22, 27.)  Yet, Friederich still did not respond to either of Wachter's motions for sanctions.

### E.    Efficacy of Lesser Sanctions

Although the court has not previously sanctioned Friederich beyond ordering her to fully respond to Wachter's outstanding discovery requests without objections, the court does not believe that any sanction other than dismissal would be effective.  Friederich has not participated in the case in the last few months, and she has completely ignored the court's last order imposing the more lenient sanction of simply answering the discovery without objections.  The court has no reason to believe that lesser sanctions would now prompt a response.  After all, Wachter's first motion for sanctions sought dismissal, and yet Friederich was unfazed.  She did not respond to the motion or provide the requested discovery.  The court warned Friederich that she could face sanctions, including dismissal, if she did not provide the court-ordered discovery responses. (ECF 26, at 9.)  But, again, Friederich did not respond.  In short, Friederich has shown no interest in prosecuting her case in the last few months.  Assessing lesser sanctions would only serve to

drive up costs for Wachter and further waste judicial resources in a case that Friederich should have voluntarily dismissed months ago if she had no interest in participating.

      **F.**      **Conclusion**

      In sum, the court finds that the *Ehrenhaus* factors all weigh in favor of dismissal and that Friederich's lack of participation is the result of willful misconduct. The court therefore recommends that the district judge dismiss this case with prejudice for Friederich's failure to prosecute her case and failure to comply with the court's May 23 order to provide discovery without objections. *See* FED. R. CIV. P. 41(b); FED. R. CIV. P. 37(b)(2)(A)(v).

## II.      MEMORANDUM AND ORDER:  MONETARY SANCTIONS ARE DENIED

      Wachter's motion also seeks monetary sanctions. Specifically, Wachter asks the court to order that Friederich "pay all fees incurred by Wachter in preparing and arguing this Motion as well as its earlier Motion for Sanctions [ECF 22] including all fees related to the meet and confer process in an attempt to obtain discovery responses." (ECF 27, at 7.) Wachter promises to provide an affidavit setting forth its fees "within seven (7) days of the Court's Order granting this Motion." (*Id.*) The court denies Wachter's request for fees. Fee awards can be a useful deterrent for litigation misconduct, but here the court is recommending dismissal of the case, so the court finds this deterrent is unnecessary. Moreover, Wachter would have had to incur attorneys' fees defending the case regardless, and Wachter is now benefitting from early dismissal of the case. Therefore, the court finds that dismissal is a sufficient sanction to ameliorate the prejudice to Wachter and denies Wachter's motion to the extent it seeks monetary sanctions.

      However, should the district judge not adopt the undersigned's report and recommendation to dismiss the case, Wachter may renew its motion for attorneys' fees

associated with Friederich's noncompliance with the court's orders compelling her to respond to Wachter's outstanding discovery.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), Friederich may file specific written objections to the court's Report and Recommendation of dismissal with prejudice within fourteen days after being served with a copy of this Memorandum and Order. If objections are not filed within the fourteen-day time period, no appellate review of the factual and legal determinations in this Section II will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the district judge grant Wachter's Second Motion for Sanctions (ECF 27) and dismiss this case with prejudice.

**IT IS FURTHER ORDERED** that Wachter's Second Motion for Sanctions (ECF 27) is denied to the extent that the motion seeks monetary sanctions. However, the denial is without prejudice to renewal should the district judge not adopt the undersigned's report and recommendation to dismiss the case.

**IT IS FURTHER ORDERED** that the clerk's office shall send a copy of this Memorandum and Order and Report and Recommendation to Friederich by both regular mail and certified mail, with return-receipt requested.

**IT IS SO ORDERED.**

Dated June 26, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

8